### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>     Plaintiff,<br><br>    v.<br><br>CHELTEN MARKET, INC., d/b/a CHELTEN MARKET,<br>and YOUNG KIM,<br><br>     Defendants. | Civil Action No. _____ |

### COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin CHELTEN MARKET, INC., a corporation, d/b/a CHELTEN MARKET, and YOUNG KIM, individually, and as a manager of the aforementioned corporation, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant CHELTEN MARKET, INC. is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered office at 176 W. Chelten Avenue, Philadelphia, PA, 19144. Defendant is engaged in operating a grocery store at the same address ("Chelten Market"), within the jurisdiction of this court.

3. Defendant YOUNG KIM is the owner and a manager of the corporation identified in Paragraph II. Defendant Kim has directed employment practices and has directly or indirectly acted in the interest of Chelten Market, LLC, in relation to its employees at all times relevant herein, including hiring and firing employees, setting employees' conditions of employment, including supervising employees day-to-day.

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. At Chelten Market, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including food. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Chelten Market are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce and deducting their pay for breaks of less than 20 minutes, causing them to pay less than the statutorily required $7.25 per hour. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of

goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

For example, during the period of May 15, 2016 to May 11, 2019, Defendants paid a salary that did not include an overtime premium to employees who were not exempt from the FLSA's overtime requirements. Defendants also deducted for breaks of less than 20 minutes in overtime workweeks and paid some employees straight time compensation for overtime hours worked.

8. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve records containing failed to provide time records for the period from May 15, 2016 to November 3, 2018.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and

former employees listed in the attached Schedule A for the period of May 15, 2016 to May 11, 2019, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after May 11, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

November 15, 2019

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
170 S. Independence Mall West
Suite 630E, The Curtis Center
Philadelphia, PA 19106

(215) 861-5128 (voice)
(215) 861-5162 (fax)

luby.andrea@dol.gov

Respectfully submitted,

**UNITED STATES DEPARTMENT OF LABOR**

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam Welsh
Counsel for Wage and Hour

/s/ Andrea Luby
Andrea Luby
Senior Trial Attorney